UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CYBER MEDIA GROUP, INC., et al.,

                        Plaintiffs,        **REPORT AND**
                                                             **RECOMMENDATION**
      - against -
                                                             CV 00-4026 (JS) (JO)

PAUL SKULSKY,

                        Defendant.

-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

      For the reasons explained below, and with the consent of defendant Paul Skulsky ("Skulsky"), I recommend that the court strike the Answer Skulsky filed on March 15, 2005, Docket Entry ("DE") 171, and enter a default judgment against him awarding damages consistent with the relief recommended by the Honorable Michael L. Orenstein, Chief United States Magistrate Judge, in his Report and Recommendations dated June 24, 2003, DE 150.

I.    <u>Background</u>

      On February 1, 2005, I issued a Report and Recommendation, with which I assume the reader's familiarity, regarding the application by plaintiffs Cyber Media Group, Inc. and David Marcus seeking the entry of a Notation of Default and a default judgment against Skulsky. DE 164. Based on my review of the record up to that time, I respectfully recommended that the court deny the requested relief without prejudice as premature and instead *sua sponte* order the plaintiffs to serve Skulsky with the Second Amended Complaint within thirty days of its order. I further recommended that the court grant the requested relief if, following such service, the Clerk subsequently entered a Notation of Default.

The court adopted my recommendations in full on March 4, 2005, DE 168, and later adopted Judge Orenstein's recommendations regarding the substantive relief to be awarded based on the defaults of other defendants. DE 173. Even before those events, however, on February 10, 2005, the plaintiffs effected proper service of the Second Amended Complaint on Skulsky. DE 166. When Skulsky had not answered by March 14, 2005, the plaintiffs properly sought the entry of a Notation of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. DE 169. The Clerk entered such a notation on March 15, 2005. DE 170.

However, on the same day that the Clerk noted his default, Skulsky filed an Answer. DE 171. I thereupon held an initial discovery planning conference on April 22, 2005. Following that conference, I entered the following orders:

> (1) To the extent that plaintiff seeks a default judgment on the basis of the notation of default filed the same day as the defendant's answer, he may file the appropriate dispositive motion. To the extent that the defendant seeks to challenge the veracity of the affidavit of service, he may properly do so as part of his response to any motion for a default judgment. Both parties' counsel agree, however, that the amended complaint was properly served on the defendant no later than March 15, 2005, the day on which the answer was filed. (2) Unless and until any dispositive relief is granted, discovery will proceed. I will enter a separate case management and scheduling order.

DE 175. On the same day, I entered a scheduling order that contemplated the completion of discovery by December 2, 2005, and called for a status conference on September 6, 2005. DE 176.

In advance of the status conference, plaintiffs' counsel sent me a letter advising me that Skulsky had not responded to the plaintiffs' discovery demands, had made no discovery demands of his own, and had never moved to vacate the Clerk's Notation of Default. DE 178. When I questioned Skulsky's counsel about that state of affairs, he had no satisfactory answer, and

referred instead to the pendency of sentencing proceedings in a criminal prosecution against his client. He confirmed that he had no intent to file a motion to vacate the Notation of Default, and that he consented to the entry of a default judgment as I had previously recommended should the current circumstances arise. He further consented to the striking of Skulsky's Answer in furtherance of such relief.

II. Discussion

For a discussion of the reasons supporting the entry of judgment and the determination of the amount of damages I now recommend based on the recent events described above, *see* DE 164.

III. Recommendation

For the reasons set forth in the Reports and Recommendations previously issued by myself and by Judge Orenstein, each of which the court has already approved, and based on the events subsequent to that report described above as well as on defendant Skulsky's consent, I respectfully recommend that the court strike Skulsky's Answer and enter a default judgment in favor of the plaintiffs on the first, second, third, and fourth causes of action; that judgment not be entered against Skulsky on the fifth cause of action; that judgment be entered in favor of plaintiff Marcus on the sixth cause of action; and that the relief ordered against Skulsky include an overall actual damages award of $12,812,500 on the first four claims plus interest from the date of judgment; a punitive damages award of $24,000,000 on the first claim of common-law fraud; a damages award of $3,300 plus prejudgment interest from July 1, 2000, on the sixth claim; and disbursements of the plaintiffs and costs as taxed by the Clerk of the Court.

IV.	Objections

This Report and Recommendation is being filed on the Court's ECF system and is thereby deemed served on all parties. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to me within 10 days of such filing. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
September 6, 2005

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge